In the Matter of RICHARD J. ODDO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 29, 1993

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Diana Szochet* of counsel), for petitioner.

*Abraham Hecht,* Forest Hills, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with six

allegations of professional misconduct. The Special Referee sustained Charge One, Charge Three, Charge Four, and Charge Five insofar as the proof pertaining to Charge Five established a violation of Code of Professional Responsibility DR 1-102 (A) (1) (22 NYCRR 1200.3 [a] [1]). The Special Referee did not sustain Charges Two or Six. The petitioner moves to confirm in part and disaffirm in part the report of the Special Referee. The respondent cross-moves to confirm in part and to disaffirm in part the report of the Special Referee, or, in the alternative, in the event the court confirms any findings of misconduct, the respondent requests the court to consider mitigating factors and to limit any sanction to censure.

Charge One alleges that the respondent improperly converted client funds to his own use. The respondent maintained a partnership escrow account at Columbia Federal Savings Bank, entitled "Oddo and Canizio Escrow Account". The respondent retained for his personal use interest earned on client funds deposited in his partnership escrow account.

Charge Two alleges that the respondent improperly commingled client funds with his personal funds. The respondent maintained a partnership escrow account at Columbia Federal Savings Bank, entitled "Oddo and Canizio Escrow Account". The respondent deposited personal funds into said escrow account. In committing this act, the respondent violated Code of Professional Responsibility DR 9-102(A) (22 NYCRR 1200.46 [a]) and 22 NYCRR 691.12.

Charge Three alleges that the respondent improperly converted client funds. On or about March 31, 1986, the respondent, acting as attorney for the seller of real property, was entrusted as fiduciary, with the sum of $5,000, as a down payment on the purchase of his client's property. On April 3, 1986, the respondent deposited the said $5,000 down payment into the "Oddo and Canizio Escrow Account", located at Columbia Federal Savings Bank. On September 8, 1988, the balance in the escrow account had been depleted to $608.19, well below the $5,000 the respondent was required to maintain in escrow.

Charge Four alleges that the respondent mishandled client funds. On or about July 11, 1988, the respondent established the "Richard J. Oddo Attorney Trust Account" at Columbia Federal Savings Bank. Commencing in or about August 1988 through December 1988, the respondent transferred client

escrow funds from the "Oddo and Canizio Escrow Account" to the "Richard J. Oddo Attorney Trust Account". In transferring the said client escrow funds from the "Oddo and Canizio Escrow Account" to the "Richard J. Oddo Attorney Trust Account", the respondent failed to keep or maintain records to identify the clients to whom the funds belonged and the amounts of the transfers to be credited to his clients. In committing the aforesaid act, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1) and (7) (22 NYCRR 1200.3 [a] [1], [7]) and Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

Charge Five alleges that the respondent failed to produce financial records required to be maintained by an attorney. On or about May 29, 1990, the Grievance Committee requested that the respondent produce financial records evidencing his handling of client moneys, which records are required to be maintained by an attorney, pursuant to the rules of the Second Judicial Department. In response to the petitioner Grievance Committee's request, the respondent failed to produce:

(a) original cancelled checks drawn upon the "Oddo and Canizio Escrow Account" located at Columbia Federal Savings Bank;

(b) original deposit slips pertaining to "Oddo and Canizio Escrow Account" located at Columbia Federal Savings Bank;

(c) original cancelled checks drawn upon the "Richard J. Oddo Attorney Trust Account", located at Columbia Federal Savings Bank; and

(d) original deposit slips pertaining to the "Richard J. Oddo Attorney Trust Account" located at Columbia Federal Savings Bank.

Charge Six alleges that the respondent engaged in conduct involving dishonesty, deceit and misrepresentation which was prejudicial to the administration of justice, and which reflects adversely on his fitness to practice law. On or about May 29, 1990, the Grievance Committee requested that the respondent produce financial records evidencing his handling of client moneys. On or about June 4, 1990, the respondent submitted documents to the petitioner which were materially altered, to wit:

(a) a copy of check No. 666, drawn upon the "Oddo and Canizio Escrow Account", located at Columbia Federal Sav-

ings Bank, payable to respondent in the amount of $500, to which copy the respondent added the notation "legal fee"; and

(b) a copy of check No. 671 drawn upon the "Oddo and Canizio Escrow Account", located at Columbia Federal Savings Bank, payable to the respondent in the amount of $1,000 upon which copy the respondent altered the notation to read "return of escrow funds" rather than "return of personal funds".

In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (1), (4) and (7) (22 NYCRR 1200.3 [a] [1], [4], [7]).

After a review of the evidence adduced, we find that the Special Referee properly sustained Charges One, Three, Four, and so much of Charge Five as supported a violation of Code of Professional Responsibility DR 1-102 (A) (1) (22 NYCRR 1200.3 [a] [1]). The Special Referee erred, however, in failing to sustain Charges Two, Six, and Charge Five insofar as the proof in support of Charge Five established a violation of Code of Professional Responsibility DR 1-102 (A) (7) (22 NYCRR 1200.3 [a] [7]) and Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46). We find the evidence sufficient to sustain these charges. Accordingly, the petitioner's motion to confirm in part and disaffirm in part is granted. The respondent's cross motion is denied.

In determining an appropriate measure of discipline, we have considered the mitigation advanced by the respondent and the respondent's request that this Court limit its sanction to a censure. However, it is the decision of this Court that the respondent is guilty of serious professional misconduct and he is, accordingly, disbarred.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted; and it is further,

Ordered that the respondent's motion to confirm in part and disaffirm in part the Special Referee's report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Richard J. Oddo, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with

this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Richard J. Oddo is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.